EMMA L. FISHER v. THE TOWN COMPANY OF THE TOWN OF McPHERSON.

THIS action was brought by *The Town Company of the Town of McPherson* against *Emma L. Fisher*, to recover for the value of the possession of the east half of the northwest quarter and the east half of the southwest quarter of section twenty-eight, in township nineteen, south, of range three, in McPherson county, with the improvements thereon; also, for the value of a certain frame dwelling house, and for various sums advanced to enable her to enter the land under the homestead laws of the United States. Trial at the October Term, 1879, of the McPherson district court, without a jury. Conclusions of fact and law were found separately. The conclusions of fact are:

1. That the plaintiff was at the commencement of this suit, and at the times and during the transactions hereinafter set forth, a corporation duly organized under the laws of the state, and for the purpose of the purchase, location and laying out of a town site, and the sale and conveyance of the same in lots, subdivisions or otherwise.

$1\frac{1}{2}$. That plaintiff was in the possession of the E. $\frac{1}{2}$ of the N.W. $\frac{1}{4}$ and E. $\frac{1}{2}$ of S.W. $\frac{1}{4}$ of sec. 28, town 19, range 3, west, in McPherson county, as a part of a town site, under the United States laws, and had and held such possession by reason of a filing therein by plaintiff's president at the Salina land office, dated June 1, 1872, and by an entry duly made by its president at said land office, under the laws of the United States, and as recognized by the said office.

2. That the plaintiff relinquished its filing in said United States land office and its right to the land to defendant, and put defendant in the peaceable and undisputed possession of the same, under an agreement and understanding with defendant, (the defendant at that time not having ready money,) that the plaintiff should also, at its expense, put a house on the land, and pay all the expenses in and about the entry thereof as a homestead at said land office, and that defendant should, when she obtained a patent therefor, pay the plaintiff what the possession and the house and expenses were reasonably worth.

3. That the plaintiff did, in addition to putting defendant in possession of the land, and in pursuance of the agreement, buy a house and move the same upon the land, at the instance and request and assent of the defendant, and also pay the expenses of repairing the house.

4. That the plaintiff paid the sum of $100 and more for the house and the repairs thereon, and the same were reasonably worth that sum.

5. That plaintiff, at the instance and request of defendant, and in pursuance of the agreement, paid out the sum of $14.80 as the expenses of defendant in going from McPherson to Salina, for the purpose of entering said land under the homestead laws of the United States.

6. That the plaintiff paid the sum of $14, at the instance and request of defendant as aforesaid, as United States land office fees for entering said land by her as a homestead.

7. That the full and undisputed possession of the land given by plaintiff to defendant was at the time defendant received and entered into the same, reasonably worth $1,000.

8. That defendant received and accepted possession of the land from plaintiff and also the house and the repairs thereon, and expenses and fees, in pursuance of the understanding between defendant and plaintiff, that the defendant should pay plaintiff what the possession, house, repairs, expenses and fees were reasonably worth when she obtained a patent for said land from the U. S. government.

9. That defendant proved up on said land as a homestead settler at the U. S. land office in Salina, and received the receiver's receipt therefor on July 19, 1877, and on Oct. 30, 1877, thereafter, received a patent in due form of law from the United States for said land, having said dates, which patent is recorded and is still in force and stands as a title deed to her of said land.

10. That all the agreements on the part of the plaintiff according to their terms and conditions were fully complied with, on its part, and that defendant received great benefit therefrom.

11. That plaintiff did, before the commencement of this suit on several occasions and after defendant had received her said patent, the exact dates of which do not appear, demand a settlement of and from the defendant touching her agreement aforesaid, and demand payment from her thereon, both of which she has wholly failed to do, though at times

she has acknowledged that she was owing said plaintiff something on the premises.

The conclusion of law was, that the plaintiff is entitled to recover from defendant, by reason of the premises, for said possession and for said house and repairs, and for said fees and expenses paid out, the sum of $1,128.80, with interest from the date of the commencement of this suit, at the rate of 7 per cent. per annum. Judgment was entered accordingly, and the defendant brings the case here for review.

*Garver & Bond,* for plaintiff in error.

*John G. Spivey,* for defendant in error.

*Per Curiam:* Upon the findings of fact, the defendant in error (plaintiff below) was entitled to judgment within the authority of *Lapham v. Head,* 21 Kas. 332. We perceive no error in the proof of the value of the action of the town company in relinquishing to the plaintiff in error (defendant below) the possession of the land and in putting her in possession of it, as the witnesses valued the land all the way from $1,500 to $2,500. She has now a patent to it, and the cost of preëmption was $200. Including the judgment, the land cost her $1,328.80. The relinquishment of the claim and the possession of the land were fully worth $1,000, as such action of the company enabled plaintiff in error to become the owner. Some errors were committed in the admission of evidence, but they were in no way prejudicial to the plaintiff in error, in view of the other testimony, and the trial being to the court without a jury.

The judgment of the district court will be affirmed.